Todd Hambrick
Wyoming State Bar No. 6-2672
301 Thelma Dr. #402
Casper, WY 82609
(307)277-0496
toddhhambrick@gmail.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 APR 11  PM 4:01

STEPHAN HARRIS, CLERK
CASPER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

LINDA LENNEN, Individually and as the )
Mother of DOUGLAS BURTON )
ONEYEAR, and as Personal Representative )
of the Estate of DOUGLAS BURTON )
ONEYEAR, DECEASED, )
                                                   )
      Plaintiff, )
                                                   )
v. )      Civil Action No. 19-CV-41-SWS
                                                 )
CITY OF CASPER, WYOMING, JOHN DOES )
(11-20) of the CASPER POLICE DEPARTMENT,)
individually and as employees/peace officers/ )
instructors, JOHN DOES (1-10) of the )
WYOMING LAW ENFORCEMENT ACADEMY,)
individually and as employees/peace officers/ )
instructors, CASPER POLICE OFFICER )
JONATHAN SCHLAGER and CASPER )
POLICE OFFICER CODY MEYERS, )
                                                 )
     Defendants, )

### PLAINTIFF'S FIRST AMENDED COMPLAINT

     NOW COMES Linda Lennen, Plaintiff individually as the mother and as personal representative of the Estate of Douglas Burton Oneyear, deceased, pursuant to Federal Rules of Civil Procedure 15(a)(1)(B) and alleges the following:

1. This action is brought by the Plaintiff against the Defendants, the City of Casper, Wyoming, more particularly John Does (11-20) individually and as employees/peace officers/instructors of the Casper Police Department, John Does (1-10) individually and as employees/peace officers/instructors of the Wyoming Law Enforcement Academy, and Jonathan Schlager ("Schlager") and Cody Meyers ("Meyers")(collectively, "The Officers") for their use of excessive and deadly force resulting in the unlawful shooting death of Douglas Burton

Oneyear ("Oneyear") under the color of law in violation of his individual rights under the Second and Fourth Amendments of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983.

2. Plaintiff alleges that the City of Casper, Wyoming ("City"), John Does (11-20) individually and as employees/peace officers/instructors of the Casper Police Department ("Police") and John Does (1-10), individually and as employees/peace officers/instructors of the Wyoming Law Enforcement Academy ("Academy") and their Policymakers (collectively, "Policymakers") failed to properly hire, train, supervise, screen, monitor, discipline, transfer, counsel or otherwise control officers who are known, or should have been known, to engage in the use of excessive force and/or deadly force. The Policymakers had a duty, but failed to implement and/or enforce policies, practices and procedures for the Police that respected Douglas Oneyear's constitutional rights to assistance and protection. The Policymakers' failures listed above caused Douglas Oneyear's unwarranted and excruciating physical and mental anguish and death.

3. Plaintiff alleges that City of Casper, Wyoming ("City"), John Does (11-20) individually and as employees/peace officers/instructors of the Casper Police Department ("Police") and John Does (1-10), individually and as employees/peace officers/instructors of the Wyoming Law Enforcement Academy ("Academy") and their Policymakers (collectively, "Policymakers") provided training (in the form of written policy as the "21 Foot Rule," and more) of The Officers faced with the non-life threatening situation which occurred in this case that was negligent, dangerous and deadly to the innocent public causing Douglas Oneyear's unwarranted and excruciating physical and mental anguish and death. These Policymakers set forth an official policy to be followed by the officers and as a result of following this policy Douglas Oneyear's constitutional rights were violated causing Douglas Oneyear's unwarranted and excruciating physical and mental anguish and death.

4. Plaintiff alleges that The Officers under the circumstances of this case were plainly incompetent and knowingly violated the law when they caused Douglas Oneyear's unwarranted and excruciating physical and mental anguish and death.

5. Plaintiff seeks answers and compensation for damages and the wrongful death of Douglas Oneyear.

## PARTIES

6. Plaintiff Linda Lennen is a person of full age of majority and a resident of Casper, Wyoming. Plaintiff Linda Lennen sues on behalf of herself and as the duly appointed personal representative of the Estate of Douglas Oneyear through Civil Action No. 105553, Seventh Judicial District Court, Wyoming.

7. Defendant Officers Schlager and Meyers are individuals who may be served at and through the Casper Police Department, Hall of Justice, 201 N. David, 1st Floor, Casper, Wyoming, as employees/police officers.

8. Defendant the City of Casper, Wyoming is a governmental entity located in Natrona County, Wyoming. The City of Casper operates the Casper Police Department ("CPD"). The City of Casper funds and operates the CPD, and is responsible for the implementation of the police department's budget, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. The CPD through John Does (11-20) individually and as employees/peace officers/instructors, is responsible for preventive, investigative, and enforcement services for all citizens of The City of Casper. The City of Casper may be served with citation herein by and through its City Attorney, John Henley, at 200 N. David St., Casper, Wyoming 82609 or wherever he may be found. Additional service is being made on Casper City Manager

J. Carter Napier at 200 N. David St., Casper, Wyoming 82609 or wherever he may be found.

9. Wyoming Law Enforcement Academy ("Academy") is a governmental entity located in Converse County, Wyoming. Wyoming Law Enforcement Academy through John Does (1-10), individually and as employees/peace officers/instructors of the are responsible for education, training certification and qualifying law enforcement officers for the State of Wyoming. These individual John Doe Defendants may be served with citation at the Wyoming Attorney General's office in Cheyenne, Wyoming.

10. As required by Wyo. Stat. §1-39-113(d)(i), the claim described under Wyo. Stat. §1-39-113(c) was filed with the City of Casper, Casper Police Department and the Wyoming Law Enforcement Academy in accordance with Wyo. Stat. §1-39-113(a) et. seq. As required by Wyo. Stat. §1-39-113(d)(ii), on or about August 23, 2018 Plaintiff filed her governmental claim which was signed, under oath in compliance with Wyo. Stat. §1-39-113(e). The Claim was filed with the Casper City Attorney, the Chief of Police of the Casper Police Department, the City Manager of Casper and the Director of the Wyoming Law Enforcement (via U.S. Mail). As required by Wyo. Stat. §1-39-113(d)(iii) the Plaintiff's claim was in compliance with the signature and certification requirement of Article 16, section 7 of the Wyoming Constitution.

## JURISDICTION AND VENUE

11. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983, to redress the deprivation of rights, privileges and immunities guaranteed to decedent Douglas Burton Oneyear, by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this

court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Wyoming.

12. Venue is proper in this court because the causes of action occurred within the District of Wyoming.

## FACTS

13. Close to midnight on the evening of February 25, 2018, Douglas Oneyear left his apartment in Quail Run where he lived with his mother and walked to the Loaf and Jug a block away for cigarettes. Douglas was diagnosed at a very young age with various mental issues and had lived on a combination of medicines for most of his life and from time to time developed strong strange attachments to material items. On this night, he carried with him a toy sword which was a souvenir from the movie The Highlander.

14. When Douglas went into the loaf and jug this frightened the clerk so he went behind the counter to get his own cigarettes, got tangled up in some electrical wires and broke the attached machinery. While the diminutive clerk was shaken up she handled Douglas fine and was unharmed when he left.

15. On his way walking the two blocks back home Douglas was nearing the entrance to Quail Run, Officer Schlager pulled his police car up so that it was blocking the sidewalk directly in front of Douglas and Officer Meyers pulled up behind him. Douglas started walking in the street around the front fender of Officer Schlager's car in a non-threatening manner with his arms at his sides. Both Officers exited their vehicles drawing their guns.

16. Within seconds of exiting their patrol cars both Officer Schlager and Officer Meyers open fired on Douglas and unlawfully killed him right there in the street. The Officers have testified in internal investigations that they were acting as they had been trained.

17. No attempt was even considered to use non-lethal force to subdue the man whose arms were at his side. There was no reason to kill Douglas Oneyear, not only was he harmless but he could have been subdued easily without harming him.

18. John Does (1-10), individually and as employees/peace officers/instructors of the Academy and John Does (11-20) individually and as employees/peace officers/instructors of the CPD failed to provide adequate training to Officer Schlager and Officer Meyers in the use of deadly force.

19. John Does (1-10), individually and as employees/peace officers/instructors of the Academy and John Does (11-20) individually and as employees/peace officers/instructors of the CPD failed to provide adequate training to Officer Schlager and Officer Meyers on proper arrest and confrontation techniques.

20. John Does (1-10), individually and as employees/peace officers/instructors of the Academy and John Does (11-20) individually and as employees/peace officers/instructors of the CPD failed to provide adequate training to Officers Schlager and Officer Meyers in methods and techniques to control situations similar to the one created by Douglas Oneyear on February 25, 2018.

21. The Defendants knew or should have known that the training provided to Officers Schlager and Officer Meyers was inadequate or nonexistent.

22. At the time Defendants Schlager and Meyers drew their firearms, there had been no previous interaction between Oneyear and Defendants Schlager and Meyers, and at no time did Oneyear resist in any way that would justify the Defendants' use of deadly

force. The drawing of an Officer's weapon inherently assumes that the use of force will cause death or serious bodily injury to the suspect, and is to be applied under very narrowly defined circumstances.

23. Defendant Schlager and Meyer's unlawful and unwarranted acts, lack of training and the official customs or policies (written or otherwise) of John Does (1-10), individually and as employees/peace officers/instructors of the Academy and John Does (11-20) individually and as employees/peace officers/instructors of the CPD caused Oneyear's wrongful death.

24. There is no evidence that Defendant Schlager and Meyers or anyone else were in danger of imminent death or great bodily harm that justified taking a person's life. There were no struggles that would indicate that the use of excessive and/or deadly force was justified.

25. Douglas Oneyear posed no risk to Defendant Schlager and Meyers or any other person in the immediate area. Oneyear did not attempt to harm Defendant Schlager or Meyers and was not committing a crime or reasonably believed to have committed a crime when Defendants Schlager and Meyers shot him dead.

26. Defendants Schlager and Meyers' unlawful and unwarranted acts, lack of training and the official customs or policies of John Does (1-10), individually and as employees/peace officers/instructors of the Academy and John Does (11-20) individually and as employees/peace officers/instructors of the CPD caused Plaintiff's injuries and death. As a direct and proximate result of the Defendants' conduct, Plaintiff has sustained substantial damages and pecuniary loss.

27. Upon information and belief, the CPD has not implemented policies and procedures to aggressively curtail death and/or injuries as a result of the improper use

of deadly force. The CPD has provided grossly negligent and inadequate, reckless and dangerous techniques that practically mandate the use of deadly force with negligible training given in the use of non-lethal force in situations such as that which occurred in this case.

## **EXCESSIVE FORCE BY DEFENDANTS (Individually and in their official capacity)**
## **COUNT 1-42 U.S.C. § 1983**

28. Plaintiff incorporates by reference paragraphs 1 through 27 as if fully set forth herein. Plaintiff would show that Defendants Schlager and Meyers' actions on the occasion in question were wrongful, malicious and reckless in depriving Douglas Oneyear of his constitutional rights, as alleged more fully below.

29. Plaintiff will show that at all times material hereto, Defendants Schlager and Meyers had a duty to avoid infliction of unjustified bodily injury to Oneyear, to protect his bodily integrity and to not trample on his constitutional rights.

30. Plaintiff will show that Defendants Schlager and Meyers failed to act as reasonable officers would have acted in the same or similar circumstances. That is, Defendants Schlager and Meyers, without justification and the need to do so, used excessive and deadly force as described above and killed Douglas Oneyear without legal justification. Oneyear never made any threatening gestures toward Defendants Schlager and Meyers and did not pose an immediate threat to the safety of Defendants Schlager and Meyers or others.

31. Defendants Schlager and Meyers were not provoked when they fired multiple shots at close range no lawful or justifiable reason. Oneyear died as a result of multiple

gunshot wounds. The excessive and deadly force used by Defendants was not reasonable, justified nor was it necessary under the circumstances.

32. Defendants Schlager and Meyers' actions were not objectively reasonable because he followed a procedure designed to inflict excessive and deadly force in restraining individuals in a non-life threatening situation.

33. Plaintiff will show that Defendants Schlager and Meyers denied Oneyear his right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

34. The force used by Defendants Schlager and Meyers was unnecessary, excessive and unreasonable under the circumstances, as Oneyear did not pose an immediate threat to the safety of Defendants Schlager and Meyers or others and the use of such excessive and deadly force was unnecessary. Defendants Schlager and Meyers embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused Oneyear to suffer extreme and severe mental and emotional distress, agony and anxiety and death.

35. As a result of these Constitutional violations to Douglas Oneyear and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## **NEGLIGENT FAILURE TO TRAIN BY THE CITY OF CASPER AND ACADEMY**
### COUNT 11 42 U.S.C. § 1983

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

37. Defendants Schlager and Meyers and other officers at the scene of the shooting incident were acting under color of law and acting pursuant to customs, practices and

policies of John Does (1-10), individually and as employees/peace officers/instructors of the Academy, City of Casper and John Does (11-20) individually and as employees/peace officers/instructors of the CPD in regards to the use of deadly force as authorized and/or ratified by the Policymakers. Oneyear was deprived of rights and privileges secured to him by the United States Constitution and by other laws of the United States, by John Does (1-10), individually and as employees/peace officers/instructors of the Academy, City of Casper and John Does (11-20) individually and as employees/peace officers/instructors of the CPD negligently failing to provide proper training, adequate supervision or discipline in dealing with individuals such as Oneyear in violation of 42 U.S.C. §1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

38. With respect to the claims made the basis of this lawsuit, John Does (1-10), individually and as employees/peace officers/instructors of the Academy, City of Casper and the John Does (11-20) individually and as employees/peace officers/instructors of the CPD negligently failed to adequately train its officers on how to deal with individuals in the situation on February 25, 2018 without the use of deadly force. The failure to train its officers in a relevant respect reflects a deliberate indifference to the City of Casper to the rights of the City's inhabitants and is actionable under 42 U.S.C. § 1983.

39. Defendant the City of Casper developed and maintained a policy of negligent and deficient training of its police force in the use of force, including the proper use of deadly force. The CPD's training was negligently designed and implemented under the direction of the City Manager John Does (11-20) individually and as employees/peace officers/instructors of the CPD and John Does (1-10), individually and as employees/peace officers/instructors of the Academy to act in this regard.

40. The City of Casper, John Does (11-20) individually and as employees/peace officers/instructors of the CPD and John Does (1-10), individually and as employees/peace officers/instructors of the Academy's negligent failure to provide adequate training to its officers on how to deal with individuals during an event similar to the one at issue in this case and the subsequent use of deadly force reflect deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that officers would use excessive or deadly force on citizens and made the violations of Oneyear's constitutional rights, including his death, a reasonable probability.

41. Plaintiff would show that Defendant Schlager and Meyers' actions were the result of, or within the scope of, negligent and wrongful and reckless customs, policies, practices and/or procedures for which the city of Casper, John Does (11-20) individually and as employees/peace officers/instructors of the CPD, and John Does (1-10), individually and as employees/peace officers/instructors of the Academy knew or should have known but never provided the requisite and proper training.

42. On information and belief, Defendant the City of Casper, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Oneyear failed to implement and/or enforce the policies, procedures; and practices necessary to provide constitutionally adequate protection assistance to Oneyear and implemented policies, procedures, and practices which actually interfered with or prevented with or prevented Oneyear from receiving the protection, assistance and care he deserved.

43. For instance, the following conduct, policies, and customs, *inter alia,* by Defendants violated Oneyear's constitutional rights:

a. the City of Casper, John Does (1-10), individually and as employees/peace officers/instructors of the Academy and John Does (11-20) individually and as employees/peace officers/instructors of the CPD's negligent failure to adequately train, supervise or discipline its officers who commit a wrongful act;

b. Defendants' negligent policy on the proper use of deadly force;

c. Defendants' negligent and inadequate training on how to deal with individuals during an event such as the one at issue in this case;

d. Using deadly force against Oneyear while he was merely walking down the street;

e. Using deadly force against Oneyear although he caused no immediate threat;

44. In addition, Defendant City of Casper, John Does (1-10), individually and as employees/peace officers/instructors of the Academy and John Does (11-20) individually and as employees/peace officers/instructors of the CPD, as applicable, negligently failed and refused to implement customs, policies, practices or procedures, and negligently failed to train its personnel adequately on the appropriate policies, practices or procedures regarding the proper use of deadly force. In so doing, Defendant City of Casper knew that it was acting against the clear dictates of current law, and knew that as a direct consequence of their deliberate decisions, the very situation that occurred -- *i.e.*, Oneyear's death-- in all reasonable probability would occur.

45. The City of Casper's negligent failure to properly train and discipline its officers was the proximate cause of the violations of Oneyear's constitutional rights.

## WRONGFUL DEATH

46. Plaintiff incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47. By reason of Defendant Schlager and Meyers' wrongful conduct of killing Douglas Oneyear without the threat of imminent death or serious bodily harm, all Defendants are liable for damages.

48. Defendant Schlager and Meyers' negligent conduct that caused Oneyear's death was a producing cause of Oneyear's injury, which resulted in the following damages: loss of a family relationship, love, support, services, emotional pain and suffering, and for their acts and infliction of emotional distress caused by the wrongful killing of Oneyear.

49. Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## DAMAGES ALL DEFENDANTS

50. Plaintiff incorporates by reference paragraphs 1 through 49 as if fully set forth herein. Defendants' acts and/or omissions were a proximate cause of the following Injuries suffered by Plaintiff and decedent:

    a. Actual damages;

    b. Loss of affection, consortium, comfort, financial assistance, protection, affection and care;

    c. Pain and suffering and mental anguish suffered by Oneyear prior to his death;

    d. Mental anguish and emotional distress suffered by Plaintiff and those she represents;

    e. Loss of quality of life;

      f. Funeral and burial expenses;

      g. Loss of service; Loss of future earnings and contributions to Plaintiff,

h.     Exemplary and punitive damages as well as costs of court;

      i. Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

      j. Prejudgment interest; and

      l. Post judgment interest.

51. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## COSTS AND ATTORNEY FEES

52. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b). As such, Plaintiff requests the Court to award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## JOINT AND SEVERAL LIABILITY

53. Plaintiff incorporates by reference paragraphs 1 through 52 as if fully set forth herein. Plaintiff would show that the Defendants were jointly and severally liable for the gross negligence, which was the proximate cause of Plaintiff's injuries.

THEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; attorney's fees and costs and such other and further relief, both general and special, at law and in equity, to which Plaintiff is justly entitled.

DATED AND SIGNED this 11th day of April, 2019.

Todd Hambrick - #6-2672
Attorney for Plaintiff

## Certificate of Service

I hereby certify that the foregoing was served this 11th day of April 2019, by CM/ECF:

**Hampton K O'Neill**
**John Masterson**
WELBORN SULLIVAN MECK & TOOLEY
Attorneys for City of Casper/Casper Police Department

**Adrian K Kowalski**
**Justin Ashkhan Daraie**
WYOMING ATTORNEY GENERAL
Attorneys for Wyoming Law Enforcement/Officer Schlager/Officer Meyers