Hampton K. O'Neill, #5-2876
John A. Masterson, #5-2386
Welborn Sullivan Meck & Tooley, P.C.
159 North Wolcott, Suite 220
Casper, WY 82601
(307) 234-6907
(307) 234-6908 (fax)
honeill@wsmtlaw.com
jmasterson@wsmtlaw.com

Attorneys for Defendants the City of
  Casper, Casper Police Department,
  Officer Jonathan Schlager, Officer
  Cody Meyers, and John Does 11-20
  of the Casper Police Department, all
  in their official capacities

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| LINDA LENNEN, Individually and as the Mother of DOUGLAS BURTON ONEYEAR, and as Personal Representative of the Estate of DOUGLAS BURTON ONEYEAR, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CASPER, WYOMING, JOHN DOES (11-20) of the CASPER POLICE DEPARTMENT, individually and as employees/ peace officers/instructors, JOHN DOES (1-10) of the WYOMING LAW ENFORCEMENT ACADEMY, individually and as employees/ peace officers/instructors, CASPER POLICE OFFICER JONATHAN SCHLAGER and CASPER POLICE OFFICER CODY MEYERS,<br><br>Defendants. | Case No. 19-CV-41-SWS |

**ANSWER OF DEFENDANTS THE CITY OF CASPER, CASPER POLICE DEPARTMENT, OFFICER JONATHAN SCHLAGER, OFFICER CODY MEYERS, AND JOHN DOES 11-20, ALL IN THEIR OFFICIAL CAPACITIES, TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COME NOW Defendants City of Casper, Casper Police Department, Officers Jonathan Schlager and Cody Meyers in their official capacities, and John Does 11-20 of the Casper Police Department, in their official capacities (collectively "these defendants"), by and through their counsel, Hampton K. O'Neill and John A. Masterson of Welborn Sullivan Meck & Tooley, P.C., and hereby answer Plaintiff's First Amended Complaint as follows:

1. In response to paragraphs 6 and 10 of the First Amended Complaint, these defendants lack sufficient information to form a belief concerning the truth of the matters alleged therein, and therefore they are denied.

2. These defendants admit the allegations contained in paragraph 12 of the First Amended Complaint.

3. These defendants deny the allegations made against them as contained in paragraphs 2, 3, 4, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 32, 33, 34, 38, 39, 40, 42, 43 (including all subparts), 44, 45, 47, and 48 of the First Amended Complaint.

4. The allegations contained in paragraph 9 of the First Amended Complaint assert allegations against other defendants and accordingly state no claims against these defendants. In the event this paragraph is deemed to state factual or legal allegations against these defendants, they are denied.

5. In answering paragraph 1 of the First Amended Complaint, these defendants assert that this paragraph contains mere argument, but if it is construed to state factual or legal claims against these defendants, those claims are denied.

6. In answering paragraph 5 of the First Amended Complaint, these defendants assert that this paragraph contains mere argument, but if it is construed to state factual or legal claims against these defendants, those claims are denied.

7. In answering paragraph 7 of the First Amended Complaint, these defendants admit that Officers Schlager and Meyers were at the times at issue and are currently officers and employees of the Casper Police Department, but lack sufficient knowledge or information to form a belief concerning the truth of the remaining matters alleged therein, and therefore they are denied.

8. In answering paragraph 8 of the First Amended Complaint, these defendants admit the allegations contained in the first three sentences. These defendants assert that the remaining allegations of that paragraph are mere argument, but if they are construed to state factual or legal claims against these defendants, those claims are denied.

9. In answering paragraph 11 of the First Amended Complaint, these defendants admit that this court has jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983, and that this court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367, but deny the balance of the allegations contained in that paragraph.

10. In answering paragraph 13 of the First Amended Complaint, these defendants assert that this paragraph contains mere argument, but if it is construed to state factual or legal claims against these defendants, those claims are denied. These defendants object to the erroneous statement that the sword Douglas Oneyear was carrying was "a toy," specifically deny that it was a toy, and assert that it was a full-size metal replica of a real sword, and that it had a sharp point, qualified as a deadly weapon under W.S. 6-1-104, and could have been used as a deadly weapon to injure or kill another person or the officers involved in this case.

11. In answering paragraph 14 of the First Amended Complaint, these defendants deny the allegations contained therein and assert that, in fact, Douglas Oneyear intentionally

destroyed property at the Loaf and Jug, stole cigarettes, physically and verbally threatened the store's female clerk and physically assaulted her, all as shown clearly on the store's security camera video footage.

12. In answering paragraph 15 of the First Amended Complaint, these defendants admit that Officer Schlager pulled over to the side of the road when he saw Douglas Oneyear walking in the street ahead of him, that Officer Meyer pulled in behind Officer Schlager later, and that both officers drew their weapons after they exited their vehicles. These defendants deny the remaining allegations contained therein and specifically deny that Douglas Oneyear was walking in a non-threatening manner.

13. In answering paragraph 28 of the First Amended Complaint, the first sentence merely repeats, realleges and restates allegations which have previously been responded to in this Answer and require no further response from these defendants. The allegations contained in the second sentence are denied.

14. In answering paragraph 29 of the First Amended Complaint, these defendants assert this paragraph contains mere argument, but if it is construed to state factual or legal claims against these defendants, those claims are denied. These defendants admit that Officers Schlager and Meyers owed a duty to avoid infliction of unjustified bodily injury to Douglas Oneyear, but state they did not breach that duty, as their actions at all times at issue were reasonable.

15. In answering paragraph 30 of the First Amended Complaint, these defendants assert that this paragraph contains mere argument, but if it is construed to state factual or legal claims against these defendants, those claims are denied.

16. In answering paragraph 35 of the First Amended Complaint, these defendants assert that this paragraph contains mere argument, but if it is construed to state factual or legal claims against these defendants, those claims are denied.

17. Paragraphs 36 and 46 of the First Amended Complaint merely repeat, reallege and restate allegations which have previously been responded to in this answer and require no further response from these defendants.

18. In answering the first sentence of paragraph 37, these defendants lack sufficient knowledge or information to form a belief concerning the truth of the matters alleged therein, and therefore they are denied. These defendants deny the remaining allegations contained in that paragraph.

19. In answering paragraph 41 of the First Amended Complaint, these defendants assert that this paragraph contains mere argument, but if it is construed to state factual or legal claims against these defendants, those claims are denied.

20. In answering paragraph 49 of the First Amended Complaint, these defendants assert that this paragraph contains mere argument, but if it is construed to state factual or legal claims against these defendants, those claims are denied.

21. In answering paragraph 50 of the First Amended Complaint, the first sentence merely repeats, realleges and restates allegations which have previously been responded to in this answer and require no further response from these defendants. These defendants deny the remaining allegations in this paragraph (including all subparts).

22. In answering paragraph 51 of the First Amended Complaint, these defendants assert that this paragraph contains mere argument, but if it is construed to state factual or legal claims against these defendants, those claims are denied.

23. In answering paragraph 52 of the First Amended Complaint, the first sentence merely repeats, realleges and restates allegations which have previously been responded to in this answer and require no further response from these defendants. These defendants deny the remaining allegations in this paragraph.

24. In answering paragraph 53 of the First Amended Complaint, the first sentence merely repeats, realleges and restates allegations which have previously been responded to in this answer and require no further response from these defendants. These defendants deny the remaining allegations in this paragraph.

25. These defendants deny each and every other allegation contained in Plaintiff's First Amended Complaint.

**Affirmative Defenses**

For their affirmative defenses, these defendants state and allege as follows:

1. Plaintiff's First Amended Complaint fails to state a cause of action upon which relief can be granted against these defendants, and the same should be dismissed.

2. Plaintiff's claims may be barred in whole or part by the procedural and substantive requirements of the Wyoming Governmental Claims Act, W.S. 1-39-101, et seq.

3. The amount of force used by Officers Schlager and Meyers during their contact with Douglas Oneyear was objectively reasonable in light of all the facts and circumstances confronting them, and as such did not violate Mr. Oneyear's constitutional rights.

4. Pursuant to Wyoming's comparative fault statute, W.S. 1-1-109, Mr. Oneyear's own negligence or fault may be sufficient to bar or reduce Plaintiff's damages, if any.

5. Pursuant to Wyoming's comparative fault statute, W.S. 1-1-109, the fault of all parties and non-party actors must be compared.

6. The training provided to the individual officers by the Casper Police Department and the John Doe defendants employed by it was appropriate in all respects, and was not deficient, inappropriate, or deliberately indifferent in any way.

7. Plaintiff's damages, if any, were not caused by the conduct or fault of these defendants, which is specifically denied.

8. Plaintiff may have failed to mitigate her damages, if any.

9. These defendants did not violate Mr. Oneyear's rights under any aspect of the United States Constitution, federal civil rights law, the Wyoming Constitution, or Wyoming law.

10. These defendants are entitled to immunity as a matter of fact and law, and under the doctrine of qualified immunity.

11. These defendants assert that they at all times acted in good faith and their actions are therefore immune from suit.

12. None of these defendants breached any duty owed to Mr. Oneyear.

13. All affirmative defenses identified in F.R.C.P. 8(c)(1).

14. Punitive damages are inappropriate in this case and imposing them would violate the 5th and 14th Amendments to the United States Constitution and Wyoming law.

15. Joint and several liability is inappropriate and unavailable in this case.

16. Any and all affirmative defenses asserted or identified by any of the other named defendants at any time.

17. These defendants reserve the right to add additional affirmative defenses as they may become known.

WHEREFORE having fully answered Plaintiff's First Amended Complaint, these defendants pray that the allegations contained in Plaintiff's First Amended Complaint be

dismissed with prejudice as against them, that Plaintiff take nothing by virtue of her First Amended Complaint, that judgment be entered in favor of these defendants and against Plaintiff, that these defendant be awarded their costs of defense and trial and attorney's fees expended in defending against Plaintiff's claims, and such other and further relief as the court may deem just and proper.

Dated this 7th day of May, 2019.

          THE CITY OF CASPER, CASPER POLICE DEPARTMENT, OFFICER JONATHAN SCHLAGER, OFFICER CODY MEYERS, AND JOHN DOES 11-20 OF THE CASPER POLICE DEPARTMENT, all in their official capacities, Defendants


By: /s/ Hampton K. O'Neill
    HAMPTON K. O'NEILL, #5-2876
    JOHN A. MASTERSON, #5-2386
    Welborn Sullivan Meck & Tooley, P.C.
    159 North Wolcott, Suite 220
    Casper, WY 82601
    (307) 234-6907
    (307) 234-6908 (fax)
    honeill@wsmtlaw.com
    jmasterson@wsmtlaw.com

**Certificate of Service**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served on the parties herein this 7th day of May, 2019, electronically as follows:

| | |
|---|---|
| Todd H. Hambrick<br>301 Thelma Drive #402<br>Casper, WY 82601 | [X]  CM/ECF |
| Justin A. Daraie<br>Adrian K. Kowalski<br>Wyoming Attorney General's Office<br>2320 Capitol Avenue<br>Cheyenne, WY 82002 | [X]  CM/ECF |

                                                /s/ Hampton K. O'Neill